UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT A. ELLIS,

        Petitioner,

  v.

UNITED STATES OF AMERICA

        Respondent.

Case No. 19-cv-1155-pp

---

**ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 4), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

**I. Background**

In May 2016, a grand jury returned a third superseding indictment charging the petitioner—along with co-defendants Sean Harvey and Broderick Moore—with robbery of a motor vehicle in violation of 18 U.S.C. §§2119(1) and 2, and using a firearm during a crime of violence in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2. United States v. Robert Ellis, Case No. 15-cr-201, dkt. no. 59 (E.D. Wis. May 24, 2016). On February 8, 2017, the petitioner (represented by counsel) signed a plea agreement agreeing to plead guilty to both counts. Dkt. No. 87. On February 24, 2017, this court accepted the petitioner's guilty plea to Counts One and Two of the third superseding indictment. Dkt. No. 109.

1

On April 21, 2017, after the petitioner's lawyer had twice asked to withdraw, the petitioner—representing himself—filed a motion to withdraw his guilty plea. Dkt. No. 126. He asserted that he did not fully understand what he was being charged with at the time he entered the plea, and claimed that his lawyer had forced him to sign the plea agreement after the petitioner had told his lawyer he wanted to plead no contest. Id. at 1. He indicated that while he was taking full responsibility for his actions, "signing a plea for nine years was never [his] intentions for a firearm [he] never had knowledge of." Id. Two lawyers later, the petitioner's third lawyer asked to withdraw the motion. Dkt. No. 159. The court granted that motion. Dkt. No. 162.

On November 28, 2017, the court sentenced the petitioner to fifty-six months imprisonment on Count One (the carjacking count) and eighty-four months of imprisonment on Count Two (the §924(c) count) to run concurrently to the sentence imposed on Count One, for a total sentence of 140 months. Id. at 193. The court entered judgment on December 4, 2017. Id. The petitioner did not appeal.

On August 12, 2019, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Ellis v. United States, Case No. 19-cv-1155, Dkt. No. 1 (E.D. Wis. Aug. 12, 2019). The motion first asserts that the petitioner received an eighty-four-month, consecutive sentence for "aiding and abetting a Car Jacking," but that he did not possess the weapon or know it would be used, and therefore that he is actually innocent. Id. at 3. He also states that "the predicate conviction for imposing the § 924 c sentence is not a

2

categorical violent offense." Id. The petitioner asserts that this ground is "based upon a new decision from the Supreme Court." Id. Second, the motion asserts that he is actually innocent of the §924(c) charge because he didn't know that his co-defendant was armed or would use the gun during the carjacking, that the defendant was "held to an aider and abettor theory of liability" and that his conviction must be vacated under Rosemond v. United States, 572 U.S. 65 (2014). Id. at 4. He asserts that the issues raised in this ground "are based on new law." Id. at 5. Finally, the petitioner asserts that the motion is timely "under 28 U.S.C. § 2255 (f)(3)." Id. at 7.

**II.   Analysis**

    A.    Rule 4 Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2254 Cases. Rule 1(b) gives the court the authority to apply this rule to other *habeas corpus* cases, such as motions under 28 U.S.C. §2255.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction, that the sentence exceeded the maximum authorized by

3

law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B. Ground One

The petitioner's memorandum of law in support of the petition is composed of what appear to be excerpts from other briefs or court decisions interspersed with typewritten commentary. Dkt. No. 2. One of the typewritten entries says that "the decision in **Davis** renders the **§ 924 c** term a nullity, as Movant is actually innocent thereof." Id. at 4. The "Davis" to which the petitioner refers is the United States Supreme Court's decision from last year, United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (2019).

1. *Timeliness*

Section (f) of 28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). The memorandum of law contains a cut-and-paste sentence from some other document that says, "The statutory definition adverts under section (f)(3) to a requirement that a decision is made retroactive to collateral attack by the Supreme Court." Dkt. No. 2 at 2. While this sentence makes no sense in the context of the petition, the court believes that the petitioner means to argue that because Davis was not decided until after he was convicted and sentenced, his petition is timely under §2255(f)(3) because Davis recognized a new right and made that right retroactively applicable to cases on collateral review.

The Supreme Court decided Davis on June 24, 2019, a year and a half after the court sentenced the petitioner. 139 S.Ct. at 2319. At least one district court in the Seventh Circuit has concluded that Davis recognized a new right that applies retroactively on collateral review, Carter v. United States, No. 16-cv-02184, 2019 WL 4126074, at *5 (C.D. Ill. Aug. 29, 2019), as has the Eleventh Circuit Court of Appeals, In re Hammoud, 931 F.3d 1032, 1037-1039 (11th Cir. 2019). This court will assume for the purposes of this decision only that Davis did recognize a new right and that it applies retroactively on collateral review. That means that the petitioner has timely raised his ground one issue, because he raised it within a year of the date the Supreme Court decided Davis.

### 3. *Procedural Default*

The petitioner did not appeal his conviction or sentence; he raises this claim for the first time in his §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). . . . A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713-14 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar the petitioner's Davis argument, because he did not raise it before this court and did not appeal it to the Seventh Circuit. But the petitioner may overcome procedural default if he can show that he had cause for his failure to raise the issue earlier and actual prejudice. Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). The petitioner easily can show cause for his failure to raise the Davis argument before this court at the trial stage or on appeal because, as the court noted above, the Supreme Court didn't decide Davis until after the petitioner was sentenced, and the decision came down after the petitioner's deadline to file his appeal (which would have been December 18, 2017, under Fed. R. App. P. 4(b)(1)(A)(i)). The petitioner has not procedurally defaulted this claim.

6

### 2. *Applicability of Davis*

The Supreme Court's decision in Davis, however, does not apply to the petitioner. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 S.Ct. at 2324. The statute defines "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." Id. Section 924(c)(3)(A) is the "elements" clause; it defines a "crime of violence" as an "offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B) is the "residual" clause; it defines a crime of violence" as a felony "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing an offense."

In Davis, the Supreme Court held that the "residual" clause—§924(c)(3)(B)—was unconstitutionally vague, because it required a judge to imagine the "ordinary" circumstances of whatever the underlying crime may have been and then "guess" whether that rime would, "by its nature," involve a substantial risk that physical force against the person or property of another might be used in the course of committing it. See Davis, 139 S. Ct. at 2325-26.

The petitioner argues that post-Davis, carjacking no longer qualifies as a "crime of violence" under §924(c). Dkt. No. 2 at 9. The petitioner would be correct only if carjacking does not qualify as a crime of violence under the

7

"elements" or "force" clause, "the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. §924(c)(3)(A).

The Seventh Circuit has not yet ruled on whether carjacking qualifies as a "crime of violence" under the elements clause, §924(c)(3)(A). Several other federal appellate courts, however, have held that carjacking is a crime of violence under the elements/force clause. See United States v. Jackson, 918 F.3d 467, 486 (6th Cir. 2019) ("carjacking constitutes a crime of violence under § 924(c)'s elements clause"); Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019) ("We therefore conclude that [the defendant's] underlying offenses of bank robbery and carjacking qualify as crimes of violence under § 924(c)(3)(A)."); Ovalles v. United States, 905 F.3d 1300, 1304 (11th Cir. 2018) ("a § 2119 carjacking offense categorically qualifies under § 924(c)(3)(A)'s elements clause."); United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018); United States v. Guttierez, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam) ("the federal offense of carjacking is categorically a crime of violence under § 924(c)"); United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017) ("a crime that has as an element a taking 'by force and violence or by intimidation' [such as carjacking under §2119] is a 'crime of violence' under § 924(c)(3)(A)"); United States v. Evans, 848 F.3d 242, 247-48 (4th Cir. 2017) ("[C]arjacking resulting in bodily injury in violation of Section 2119(2), is categorically a crime of violence under the force clause of Section 924(c)(3) . . . ."). In March 2020,

the Eleventh Circuit reached that conclusion post-Davis. United States v. Rodriguez, 799 F. App'x 796, 798 (11th Cir. 2020).

This court agrees with those circuits. The petitioner pled guilty to violating 18 U.S.C. §2119(1) and (2). Dkt. No. 82 at ¶4. That statute provides that

> [w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so . . .

is subject to imprisonment. 18 U.S.C. §2119. The petitioner's plea agreement listed the elements of the offense of carjacking:

> First, the defendant or his accomplice intentionally took a vehicle from a person;
>
> Second, the defendant or his accomplice did so by means of force and violence, or by intimidation;
>
> Third, the motor vehicle had been transported, shipped or received in interstate or foreign commerce; and
>
> Fourth, the defendant or his accomplice intended to cause death or serious bodily injury in order to complete the taking of the vehicle.

United States v. Robert Ellis, Case No. 15-cr-201, Dkt. No. 87 at p. 3 (E.D. Wis. Feb. 9, 2017).

The first option under the second element—taking a vehicle by "means of force and violence"—satisfies the §924(c)(3)(A) requirement that the crime have "as an element the use, attempted use, or threatened use of physical force against the property or person of another." The Seventh Circuit has held that the second option—taking a vehicle "by intimidation," also satisfies that

9

requirement, but in the context of bank robbery in violation of 18 U.S.C. §2113. See United States v. Armour, 840 F.3d 904, 908 (7th Cir. 2016).

In Armour, the Seventh Circuit held that the petitioner's bank robbery conviction satisfied the elements clause of a "crime of violence" under 18 U.S.C. §924(c)(3)(A). Id. The petitioner argued that because "a person can commit robbery by 'intimidation,' as distinct from 'by force or violence,'" "robbery by 'intimidation' does not qualify as a crime of violence." Armour, 840 F.3d at 908. The Armour court rejected that argument, holding that "'[i]ntimidation means the threat of force.'" Id. at 909 (quoting United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991)). Armour surveyed Seventh Circuit cases that had found that "[i]ntimidation exists 'when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force.'" Id. (citing United States v. Gordon, 642 F.3d 596, 598 (7th Cir. 2011); United States v. Thornton, 539 F.3d 741, 748 (7th Cir. 2008); United States v. Burnley, 533 F.3d 901, 903 (7th Cir. 2008); and United States v. Clark, 227 F.3d 771, 775 (7th Cir. 2000)).

Carjacking is no different. A carjacker's words would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that her resistance will be met with force. Because "intimidation" contains an inherent threat of the use of physical force, the carjacking statute qualifies as a crime of violence under the elements clause of §924(c). Because the Supreme Court's decision in Davis did not impact the "elements" clause of §924(c)(3)(A) and because the carjacking statute, 18 U.S.C. §2119, constitutes a crime of violence under the

10

"elements" clause, the petitioners' carjacking conviction is a predicate offense for his conviction under 18 U.S.C. §924(c).

    C.    <u>Ground Two</u>

        1.    *Timeliness*

The petitioner's second claim asserts that his §924(c) conviction must be vacated under the Supreme Court's decision in <u>Rosemond v. United States</u>, 572 U.S. 65 (2014) because the petitioner did not know that his co-defendant was armed and did not know that a firearm would be used in the crime. Dkt. No. 1 at 4.

This claim is not timely filed. The Supreme Court decided <u>Rosemond</u> on March 5, 2014, two years before the petitioner was charged in this case and three and a half years before he was sentenced. The petitioner would have had to bring this claim within one year of the date his conviction became final—that is, by December 2018. He did not file this motion until August 12, 2019. Dkt. No. 1.

        2.    *Procedural Default*

The petitioner also has procedurally defaulted this claim. He could have raised the <u>Rosemond</u> argument in the district court before he pled guilty or before his sentencing. He could have appealed his sentence and raised the issue then. He did neither. As the court has noted,

> [a] federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713-14 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the

>     crimes of which he was convicted. *Torzala v. United States*, 545 F.3d
>     517, 522 (7th Cir. 2008).

McCoy, 815 F.3d at 295.

The petitioner has not stated cause for his failure to raise this issue in the trial court, nor for his failure to appeal. Nor can the petitioner show that he was prejudiced by his failure to raise it. The Supreme Court held in Rosemond that a defendant is liable for aiding and abetting a commission of §924(c) "when he chooses to participate in [an underlying crime] knowing it will involve a firearm; but he makes no such choice when that knowledge comes too late for him to reasonably act upon it." Rosemond, 572 U.S. at 81. The petitioner could have made exactly this argument in the district court. He tried to withdraw his guilty plea by telling the court that he hadn't known that Broderick Moore (the co-defendant who pointed the gun at the victim and demanded her keys) had a gun or that he was going to use it. But the petitioner later changed course and asked the court to let him withdraw that motion. Before sentencing, he submitted a written statement to the presentence writer, stating that he admitted "to knowing that codefendant, Broderick Moore, was carrying a firearm to help accomplish the taking of Ms. D.K's automobile on that date." Dkt. No. 177 at ¶40. And he did not appeal the §924(c) conviction.

Nor has the petitioner excused his procedural default by demonstrating actual innocence. As the court has noted, the defendant admitted in his plea agreement that he committed the §924(c) offense. At his change of plea hearing, the following exchange occurred when the court asked the petitioner about the §924(c) count:

12

| | |
|---|---|
| The Court: | Okay. And then the second one, you see down there under Count Two, says that on that same date, you and Mr. Harvey and Mr. Moore knowingly used, carried and brandished a firearm in relation to that first crime, the vehicle robbery. Do you understand that that's the second crime you're pleading guilty to today. |
| The Defendant: | Yeah, I have a question about it. |
| The Court: | Okay. |
| The Defendant: | My question is – |
| Mr. Bihler: | Do you want to ask me first? |
| The Court: | You may want to ask Mr. Bihler first just to make sure we don't have any problems. |

(Counsel and Defendant confer)

| | |
|---|---|
| Mr. Bihler: | Mr. Ellis' question is even though he says he was not the one who personally brandished the gun – and we've reviewed the jury instructions and the law in this regard. If he knew someone else was going to brandish a gun in the commission of this offense, he's still subject to the 924(c) crime. |
| | I believe that was your question; is that correct, Mr. Ellis? And I've told him that, yes, those facts to constitute a factual basis for guilt for this offense. |
| The Court: | Was that your question, Mr. Ellis? |
| The Defendant: | Yes, Ms. Pepper. |
| The Court: | Yeah. And legally, Mr. Bihler is right, the fact that you're not the person that had the gun in your hand. |
| The Defendant: | Yes. |
| The Court: | But if you knew that the people that you were with or one of the people that you were with was going to be using it in that way, then, yes, you are |

13

|            |                                                                                                                                       |
|------------|---------------------------------------------------------------------------------------------------------------------------------------|
|            | still subject to this law, it would still apply to you. Does that answer the question you were asking?                                |
| The Defendant: | Yes.                                                                                                                              |
| The Court: | Okay. So I'm correct then that as far as you understand it, these are the two charges that you're pleading guilty to, Mr. Ellis?      |
| The Defendant: | Yes.                                                                                                                              |

United States v. Ellis, Case No. 15-cr-201, at Dkt. No. 115, p. 24-26. And as the court has noted, the petitioner admitted at sentencing that he knew Broderick Moore had a gun.

The petitioner now says he did not know that Moore had a gun or that he would use it. That bald assertion is not enough to avail the petitioner of the "actual-innocence gateway to a merits review of a procedurally barred claim." Jones v. Calloway, 842 F.3d 454, 461 (th$^h$ Cir. 2016). To demonstrate actual innocence for the purpose of avoiding procedural default, a petitioner "must have 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Id. (quoting Schlup v. Dulo, 513 U.S. 298, 324 (1995)). The petitioner has not presented *any* evidence at all in support of his claim that he is actually innocent.

The petitioner procedurally defaulted on his second ground.

### III. Motion to Appoint Counsel (Dkt. No. 4)

On September 30, 2020, the court received from the petitioner a motion asking the court to appoint him a lawyer. Dkt. No. 4. He indicated that a new law had just passed about §924(c) and that he needed help filing the new law

14

on his case. Id. He says that there are things he doesn't understand about his case and that there are some things he can't read. Id.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005)). The Criminal Justice Act gives a district court the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. §3006A(A)(2)(B).

The interests of justice do not require the court to appoint counsel for the petitioner. The court understands the arguments the petitioner has made. It has found that those arguments are without merit. The court will deny the petitioner's motion to appoint counsel.

**IV.     Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve

15

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists courts not debate that the petitioner cannot proceed on either claim in his §2255 motion.

**V. Conclusion**

The court **ORDERS** that the petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 1.

The court **DENIES** the petitioner's motion to appoint counsel. Dkt. No. 4.

The court **DECLINES TO ISSUES** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED with prejudice**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
